IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

        vs.               Case No. 15-10152-09-JTM

GERARDO REYES,

        Defendant.


MEMORANDUM AND ORDER


This matter is before the court on the government's motion in limine seeking to exclude certain portions of a November 12, 2015 statement given by defendant Gerardo Reyes. Reyes made the statement to federal officers at the DEA Task Force office in Wichita, Kansas, shortly after he had been transported from Sylvan Grove, Kansas, where he had been arrested by the Kansas Highway Patrol. The court has conducted an evidentiary hearing, and denied defendant's motion to suppress. The court concluded after the hearing that all of the evidence showed that, first, the defendant had received Miranda warnings, and there was "nothing ... out of the ordinary" in the subsequent transportation to Wichita such "that Mr. Reyes was pressured in any way at all." The evidence indicated that "everything was done absolutely according to the books, straight up and down the line."

The court reserved ruling on the government's motion in limine which sought to limit the admissibility of a portion of the interview. Having reviewed the transcript of the hearing, the court finds that the government's motion in limine should be granted.

The court notes that the defendant filed no direct opposition to the motion before the hearing or afterwards, but argued at the conclusion of the hearing the court should exclude the entire statement "rather than picking and choosing which parts of the statement come in, which parts are self serving, which parts are accurate and which parts are not accurate." According to the defendant, to "make decisions about what parts of the statement are self serving gets a little bit into the province of the jury and so if the Court is considering not excluding the entire statement [so] I would ask that the entire statement be admitted and not have portions excluded."

But the basis for the government's motion in limine is not that some of the defendant's statements were *self-serving*, but that they are *hearsay*. And the determination of whether evidence is inadmissible hearsay does not invade the province of the jury, it is a non-delegable gate-keeping obligation of the court.

The defendant's argument — that the court should abandon that gate-keeping function and admit an entire statement, containing both admissible self-incriminatory statements and self-exculpatory hearsay — has been explicitly rejected by the courts. Under Fed.R.Evid. 804(b)(3), a statement is not hearsay if "at the time of its making" it is "so far tended to subject the declarant to ... criminal liability ... that a reasonable person in the declarant's position would not have made the statement unless believing it to be true."  In

2

*United States v. Williamson*, 512 U.S. 594, 601 (1994), the Supreme Court held that

> the most faithful reading of Rule 804(b)(3) is that it does not allow admission
> of non-self-inculpatory statements, even if they are made within a broader
> narrative that is generally self-inculpatory. The district court may not just
> assume for purposes of Rule 804(b)(3) that a statement is self-inculpatory
> because it is part of a fuller confession and this is especially true when the
> statement implicates someone else.

The court must make an individualized assessment of the statements at issue, because self-

exculpatory statements remain hearsay, and the purpose for the exception recognized in

Rule 804(b)(3) is inapplicable:

> The fact that a person is making a broadly self-inculpatory confession
> does not make more credible the confession's non-self-inculpatory parts. One
> of the most effective ways to lie is to mix falsehood with truth, especially
> truth that seems particularly persuasive because of its self-inculpatory
> nature.
>
> In this respect, it is telling that the non-self-inculpatory things Harris
> said in his first statement actually proved to be false, as Harris himself
> admitted during the second interrogation. And when part of the confession
> is actually self-exculpatory, the generalization on which Rule 804(b)(3) is
> founded becomes even less applicable. Self-exculpatory statements are
> exactly the ones which people are most likely to make even when they are
> false; and *mere proximity to other, self-inculpatory, statements does not increase
> the plausibility of the self-exculpatory statements.*

*Id.* at 599-600 (emphasis added). *See also United States v. Smalls*, 605 F.3d 765 (10th Cir. 2010)

(citing *Williamson*).

Having reviewed the defendant's statement, the court find that the self-exculpatory

portions are indeed inadmissible hearsay. The only cited basis for allowing such statements

to be submitted to the jury is their "mere proximity" to self-incriminating portions of the

November 12 interview — an approach explicitly rejected in *Williamson*.

3

After acknowledging in the interview that he knew co-defendant Felizardo Urias-Avilez, that Urias-Avilez had been to his residence on occasion, and that he had been using a cellphone number which a wiretap had showed to be in text communication with Urias-Avilez, the defendant Reyes also asserted his belief that a brother named Raymond was using this cellphone and "impersonating him on the phone in order to deal drugs with Mr. Urias." Reyes claimed that his brother had moved out of the house "several months" before the November 12 interview. According to the officer testifying at the hearing, the wiretap showed that contacts between the cellphone and Urias continued after this date.

The statements relating to "Raymond" are, in the words of *Williamson*, an attempt to "implicate[] someone else," and are inadmissible hearsay.

IT IS ACCORDINGLY ORDERED this 21st day of December, 2016, that the government's Motion in Limine (Dkt. 161) is hereby granted.

               s/ J. Thomas Marten
               J. THOMAS MARTEN, JUDGE